UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY J DEAR, #39773                                                              PETITIONER

V.                                                        CIVIL ACTION NO. 3:24-CV-450-KHJ-ASH

BURL CAIN AND LYNN FITCH                                                          RESPONDENTS

REPORT AND RECOMMENDATION

Pro se Petitioner Gregory J. Dear filed this 28 U.S.C. § 2254 habeas petition challenging his 2005 state narcotics convictions. Respondents Burl Cain and Lynn Fitch moved to dismiss Dear's petition. Mot. [8]. As explained below, the undersigned recommends that the Court grant Respondents' motion to dismiss.

I.      Facts and Procedural History

In 2003, a Rankin County grand jury handed down an indictment against Dear and co-defendants George Keyes and Jason Alexander Warren. The indictment charged all three with sale of cocaine and conspiracy to sell cocaine. The charges against Dear were tried to a jury in July 2005; Keyes testified against Dear, and Dear testified in his own defense. The jury convicted Dear on both charges, and, on August 24, 2005, the court sentenced Dear to serve 60 years with the Mississippi Department of Corrections.

Dear appealed his conviction, challenging the weight and sufficiency of the evidence against him and arguing that his trial counsel provided ineffective assistance with respect to the contents of a jury instruction the court gave. The Mississippi Court of Appeals affirmed, and the Mississippi Supreme Court denied certiorari. *Dear v. State*, 960 So. 2d 542 (Miss. Ct. App. 2006), *cert. denied*, 959 So. 2d 1051 (Miss. 2007). Dear did not petition for a writ of certiorari with the United States Supreme Court, and the time to do so expired on October 17, 2007.

Dear first sought post-conviction relief through a June 4, 2008 pro se application to the Mississippi Supreme Court. His proposed motion for post-conviction relief asserted that he received ineffective assistance of counsel and an illegal sentence, challenged the sufficiency of the evidence, argued he was denied a fair trial, and professed his actual innocence of the crimes of conviction. On July 23, 2008, the Mississippi Supreme Court denied Dear's application, finding his claims "without merit." State Ct. R. Vol. 7 [7-7] at 6.

More than four years later, in September 2012, Dear filed a pro se motion for records and transcripts in his closed criminal case in the Rankin County Circuit Court. That court denied the motion on September 13, 2012. Dear appealed but failed to file a brief, so the Mississippi Supreme Court dismissed the appeal on February 28, 2013.[1]

On April 28, 2014, Dear filed a pro se Motion to Clarify, Reduce, and or Set Aside Sentence in the Rankin County Circuit Court.[2] That court docketed it as a new civil action and ultimately dismissed the case in July 2015.

In the meantime, in May 2015, Dear filed a motion in his closed 2005 appeal seeking permission to examine the content of the record on appeal. Because Dear then "ha[d] no active appeal pending before" the Mississippi Court of Appeals, a judge of that court denied his motion on May 5, 2015. State Ct. R. Vol. 5 [7-5] at 6. Dear next filed a request for parole authorization in his closed criminal case in Rankin County Circuit Court in December 2023. The court denied that request later that month.

---

[1] Dear filed two more motions for copies of records and transcripts in Rankin County Circuit Court in July 2015 and January 2016. The trial court denied both motions; Dear appealed neither denial.

[2] Dear signed his filing on April 24, 2014.

Finally, in May 2024, Dear returned to the Mississippi Supreme Court with a new application for leave to file a motion for post-conviction relief in the trial court. He simultaneously filed a duplicate of the application as a new action in Rankin County Circuit Court. In June 2024, the Mississippi Supreme Court denied Dear's application as "successive," "untimely," "barred by res judicata," and lacking an "arguable basis for his claims." State Ct. R. Vol. 12 [7-12] at 1. In August 2024, the Rankin County Circuit Court dismissed the case for lack of jurisdiction. State Ct. R. Vol. 13 [7-13] at 14.

Dear filed this habeas petition in August 2024. Dear alleges he is in custody in violation of the Constitution based on "false imprisonment on false testimony," asserts that he received ineffective assistance of counsel, claims he has a right to parole or conditional release, and avers that he should be excused from satisfying the statute of limitations due to his actual innocence. Pet. [1] at 17. He asks the Court to appoint him counsel, to afford him a hearing, and to "order release from custody." *Id.* at 16. Respondents seek dismissal of Dear's petition, and their motion is fully briefed.

II.  Analysis

    A.  Timeliness of Dear's Petition

Title 28 U.S.C. § 2244(d) provides a one-year statute of limitations for § 2254 habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

>of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Dear does not argue that his statute of limitations began to run on any of the dates provided by § 2244(d)(1)(B), (C), or (D). Thus, it began to run when his conviction became final at the "expiration of the time for seeking [direct] review" through a petition for certiorari to the United States Supreme Court under § 2255(d)(1)(A). *Id.*; *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Once the Mississippi Supreme Court denied Dear's petition for certiorari on July 19, 2007, he had 90 days—or until October 17, 2007—to seek review in the United States Supreme Court. *See* Supreme Court Rule 13(1). Unless Dear is entitled to some form of tolling, the statute of limitations on his § 2254 petition expired on October 17, 2008.

    1.    Statutory Tolling

Dear is entitled to a period of statutory tolling under § 2244(d)(2). On June 4, 2008—before his federal statute of limitations expired—Dear applied to proceed with a motion for post-conviction relief with the Mississippi Supreme Court. That court denied the application on July 23, 2008. So during the 50 days that application was pending, the federal statute of limitations

4

was tolled.[3] *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) (holding that federal statute of limitations is tolled from "the day" a petition for collateral review "is filed" in state court "through (and including) the day it is resolved"). Adding those 50 days to the limitations period yields a new deadline for Dear's federal habeas petition of December 8, 2008.[4]

        2.      Equitable Tolling

"[I]n limited circumstances, a court may equitably toll the limitations period." *Jones*, 22 F.4th at 489. "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Id.* at 490 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). It "is warranted in only 'rare and exceptional circumstances.'" *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling "is appropriate where the petitioner shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). It "applies principally where the defendant actively misleads the plaintiff about the cause of action or prevents the plaintiff from asserting his rights in some extraordinary way." *Id.*

Dear fails to demonstrate he is entitled to equitable tolling of the statute of limitations. Dear first sought to obtain post-conviction relief in state court eight months after his conviction became final, when four months remained on his federal statute of limitations. After that initial

---

[3] None of Dear's remaining efforts to obtain review of his convictions in state court happened before the federal statute of limitations expired. They therefore provide no additional statutory tolling. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (finding state habeas application filed after federal limitations period expired did not entitle petitioner to any statutory tolling).

[4] The fiftieth day would have been Saturday, December 6, 2008, pushing the deadline to the following Monday.

attempt failed, Dear sat idle for more than four years before taking any further legal steps. Dear did not pursue his rights diligently. *See Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010) (finding equitable tolling not warranted where petitioner filed state habeas "nearly seven months after the conviction became final and at a time when there remained only five months of the section 2244(d)(1) one year period"). Nor has he shown some extraordinary circumstance prevented timely filing of a federal habeas petition. Dear is not entitled to equitable tolling of the statute of limitations for the more than fifteen years between when the statute began to run and when he finally filed this petition.[5]

### 3. Actual Innocence Exception

In an "'extraordinary case' in which a prisoner asserts a 'credible showing of actual innocence', he may overcome [§ 2244's] time-bar, and have his claims considered on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392, 393 (2013)). "To be credible, [an actual-innocence claim] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual-innocence claim is only established when it is shown that, in the light of newly-discovered evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Floyd*, 894 F.3d at 154 (quoting *Schlup*, 513 U.S. at 327). "Evidence does

---

[5] Dear argues that "there is an absence of available state corrective process" and "circumstances exist that render such process ineffective to protect [his] rights." Pet. [1] at 14–15 (quoting 28 U.S.C. § 2254(b)(1)(B)). Assuming he could prove either of those, they would excuse him from having exhausted his federal claims in state court; they would not excuse him from complying with the statute of limitations.

not qualify as 'new' under [this] standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (quoting *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008))).

Dear has submitted no new evidence suggesting his actual innocence. He instead posits that Nell and Jimmy Calender, if called to testify on his behalf, would have supported his story that he was at the scene of the drug sale because his co-defendants agreed to help him get to his father's house to ask for rent money. *See* Pet. [1] at 17 ("Nell said Jimmy would go to [the] truck stop to meet me [and] show me how to get to my father[']s house. . . . Jimmy Calender . . . was not subpoen[a]ed."). He attaches to his response to the motion to dismiss unsigned affidavits from Nell and Jimmy Calender—seemingly written in the same handwriting as his own filings—to that effect. *See* Exs. [11-1, 11-2]. And he argues that his co-defendant Warren, if called to testify, "could have cleared up [the] fact" that he handed Dear the sack of drugs but never told Dear what was in it. Pet. [1] at 17; *accord* Resp. [11] at 8 (stating that Warren could have testified that he told Dear the paper bag contained gas money).

Assuming Dear's representations about what these witnesses would have said would qualify as "evidence," none of it is new because "it was always within the reach of [Dear's] personal knowledge." *Moore*, 534 F.3d at 465. Indeed, it is fairly consistent with the story Dear himself told the jury from the witness box. *See* State Ct. R. Vol. 3 [7-3] at 16 (explaining that Dear had asked Warren to take him "to Flowood to see [his] father to get the additional 40 dollars that [he] needed to complete [his] rent" and that Warren told Dear Keyes could take him "to Flowood to see [his] father"); *id.* at 21 (stating that Warren suggested Keyes could bring Dear to Flowood to see his father). If the Calenders and Warren could have supported Dear's

7

claim of actual innocence, Dear has known about that since his arrest. Dear has no new evidence suggesting he is actually innocent, "so he is unable to overcome § 2244(d)(1)'s limitations bar." *Hancock*, 906 F.3d at 390. Dear's habeas petition should be dismissed with prejudice as untimely.[6]

        B.        Dear's Requests for Counsel and a Hearing

Dear asks the Court to appoint him counsel and conduct a hearing on his petition. Pet. [1] at 19; Resp. [11] at 16. Starting with the request for counsel, "there is no constitutional entitlement to appointed counsel in postconviction relief proceedings." *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). And while the Court has discretion to appoint counsel if "the interests of justice so require," Dear has not shown that the interests of justice require appointment of counsel here. 18 U.S.C. § 3006A(a)(2)(B); *see* Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts. As for a hearing, the Court has discretion to hold a hearing "[i]f the petition is not dismissed." Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see id.* at advisory committee notes to 1976 adoption (explaining that Rule 8's "provisions are applicable if the petition has not been dismissed at a previous state in the proceeding [including . . . a dismissal pursuant to a motion by the respondent"). Because the undersigned recommends Dear's petition be dismissed as time-barred, an evidentiary hearing is unwarranted.

---

[6] Additionally, as Respondents argue, Dear's requests related to parole or conditional release fail to state a claim for federal habeas relief. *See Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).

8

III.     Conclusion and Recommendation

The undersigned has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the undersigned recommends the Court (1) deny Dear's requests for counsel and a hearing, (2) grant Respondents' motion to dismiss, and (3) dismiss Dear's petition with prejudice as time-barred.

IV.     Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[7] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of January, 2025.

s/ *Andrew S. Harris*<br>UNITED STATES MAGISTRATE JUDGE

---

[7] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).