UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY J. DEAR                                                    PETITIONER

V.                                        CIVIL ACTION NO. 3:24-CV-450-KHJ-ASH

BURL CAIN, et al.                                                 RESPONDENTS

ORDER

Before the Court is Magistrate Judge Andrew S. Harris's [14] Report and

Recommendation. The Court adopts it. The Court thus grants Respondents Burl

Cain and Lynn Fitch's [8] Motion to Dismiss, dismisses with prejudice Petitioner

Gregory J. Dear's [1] Petition for Writ of Habeas Corpus, and denies Dear's requests

for counsel and a hearing.

I.      Background

The Court adopts the [14] Report's background section, which well describes

the events giving rise to this federal habeas action:

> In 2003, a Rankin County grand jury handed down an indictment
> against Dear and codefendants George Keyes and Jason Alexander
> Warren. The indictment charged all three with sale of cocaine and
> conspiracy to sell cocaine. The charges against Dear were tried to a jury
> in July 2005; Keyes testified against Dear, and Dear testified in his own
> defense. The jury convicted Dear on both charges, and, on August 24,
> 2005, the court sentenced Dear to serve 60 years with the Mississippi
> Department of Corrections.
>        Dear appealed his conviction, challenging the weight and
> sufficiency of the evidence against him and arguing that his trial counsel
> provided ineffective assistance with respect to the contents of a jury
> instruction the court gave. The Mississippi Court of Appeals affirmed,
> and the Mississippi Supreme Court denied certiorari. *Dear v. State*, 960
> So. 2d 542 (Miss. Ct. App. 2006), *cert. denied*, 959 So. 2d 1051 (Miss.

2007). Dear did not petition for a writ of certiorari with the United States Supreme Court, and the time to do so expired on October 17, 2007.

Dear first sought post-conviction relief through a June 4, 2008 pro se application to the Mississippi Supreme Court. His proposed motion for post-conviction relief asserted that he received ineffective assistance of counsel and an illegal sentence, challenged the sufficiency of the evidence, argued he was denied a fair trial, and professed his actual innocence of the crimes of conviction. On July 23, 2008, the Mississippi Supreme Court denied Dear's application, finding his claims "without merit." State Ct. R. Vol. 7 [7-7] at 6.

More than four years later, in September 2012, Dear filed a pro se motion for records and transcripts in his closed criminal case in the Rankin County Circuit Court. That court denied the motion on September 13, 2012. Dear appealed but failed to file a brief, so the Mississippi Supreme Court dismissed the appeal on February 28, 2013.

On April 28, 2014, Dear filed a pro se Motion to Clarify, Reduce, and or Set Aside Sentence in the Rankin County Circuit Court. That court docketed it as a new civil action and ultimately dismissed the case in July 2015.

In the meantime, in May 2015, Dear filed a motion in his closed 2005 appeal seeking permission to examine the content of the record on appeal. Because Dear then "ha[d] no active appeal pending before" the Mississippi Court of Appeals, a judge of that court denied his motion on May 5, 2015. State Ct. R. Vol. 5 [7-5] at 6. Dear next filed a request for parole authorization in his closed criminal case in Rankin County Circuit Court in December 2023. The court denied that request later that month.

Finally, in May 2024, Dear returned to the Mississippi Supreme Court with a new application for leave to file a motion for post-conviction relief in the trial court. He simultaneously filed a duplicate of the application as a new action in Rankin County Circuit Court. In June 2024, the Mississippi Supreme Court denied Dear's application as "successive," "untimely," "barred by res judicata," and lacking an "arguable basis for his claims." State Ct. R. Vol. 12 [7-12] at 1. In August 2024, the Rankin County Circuit Court dismissed the case for lack of jurisdiction. State Ct. R. Vol. 13 [7-13] at 14.

Dear filed this habeas petition in August 2024. Dear alleges he is in custody in violation of the Constitution based on "false imprisonment on false testimony," asserts that he received ineffective assistance of counsel, claims he has a right to parole or conditional release, and avers that he should be excused from satisfying the statute of limitations due to his actual innocence. Pet. [1] at 17. He asks the Court to appoint him counsel, to afford him a hearing, and to "order release from custody." *Id.*

2

at 16. Respondents seek dismissal of Dear's petition, and their motion is fully briefed.

[14] at 1–3 (footnotes omitted).

The [14] Report recommends granting the [8] Motion to Dismiss and dismissing Dear's [1] Petition as time-barred. [14] at 9. It first explains that, under 28 U.S.C. § 2244(d), the deadline for Dear's federal habeas petition was December 8, 2008. [14] at 3–5 (adding 50 days of statutory tolling). It reasons that "Dear is not entitled to equitable tolling of the statute of limitations for the more than fifteen years between when the statute began to run and when he finally filed this petition." *Id.* at 6. It concludes that the actual-innocence exception does not apply because "Dear has submitted no new evidence suggesting his actual innocence." *Id.* at 7. And so it recommends dismissing Dear's time-barred [1] Petition with prejudice. [14] at 8. It also recommends denying Dear's requests for counsel and a hearing. *Id.*

Dear timely objected to the [14] Report. Objs. [15]. Liberally construed, his filing raises four specific objections: (1) his disability resulted in an "absence of state corrective process," (2) his disability warrants equitable tolling, (3) he is entitled to the actual-innocence exception, and (4) he should receive counsel and a hearing. *See id.* at 2–5.

II.    Standard

The Court reviews de novo the portions of the [14] Report to which Dear objects. 28 U.S.C. § 636(b)(1). It reviews the remaining portions under a clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *United*

*States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need

not "reiterate the findings and conclusions of the magistrate judge." *Koetting v.*

*Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

III.    Analysis

The Court first addresses each of Dear's objections. It then turns to the rest of

the [14] Report.

A.  First Objection

Dear first argues that his disability resulted in an "absence of state corrective

process." [15] at 3; *see also id.* at 5 (citing 28 U.S.C. § 2254(b)(1)(B)).

The [14] Report correctly rejected that argument. Even if Dear could prove

that state corrective process was unavailable, that would only "excuse him from

having exhausted his federal claims in state court." [14] at 6 n.5 (citing 28 U.S.C.

§ 2254(b)(1)(B)). It "would not excuse him from complying with the statute of

limitations" set forth in Section 2244(d). *Id.* So the Court overrules Dear's first

objection.

B.  Second Objection

Dear next argues that equitable tolling should apply. [15] at 3. He submits

that he has a disability, so he "must rely on prison writ writ[ers] for help," which

delayed his federal habeas petition. *Id.*; *see also, e.g.*, Resp. [11] at 9 (stating that

Dear is "[d]isabled with asthma . . . living in overcrowded conditions").

Equitable tolling requires a petitioner to show "(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way

and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). A petitioner's disability thus warrants equitable tolling only if he shows a "causal connection between [his disability] and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (per curiam); *see also id.* at 505 n.34 (collecting cases).

Dear fails to establish that equitable tolling is warranted. Indeed, the record shows that Dear has been able to file many pro se filings in state court. *See* [14] at 2–3 (discussing Dear's pro se filings from June 2008, September 2012, April 2014, May 2015, July 2015, January 2016, December 2023, and May 2024). So Dear fails to show that his disability entitles him to "equitable tolling of the statute of limitations for the more than fifteen years between when the statute began to run and when he finally filed this petition." [14] at 6. The Court therefore overrules Dear's second objection.[1]

C. Third Objection

Dear also argues that he is entitled to the actual-innocence exception. *See* [15] at 2–3, 5. He first submits that no reasonable jury could have found him guilty. *Id.* at 5; *see also id.* at 2 ("not guilty actual innocence relief"). He next contends that prosecutorial misconduct warrants actual-innocence relief. *See id.* at 3 (arguing that "knowing use of false witness" establishes actual-innocence exception); *see also id.* at 5 (alleging prosecutorial and judicial misconduct).

---

[1] To the extent that Dear argues that his defense counsel's "incompetent" performance is an extraordinary circumstance that warrants equitable tolling, *cf.* [15] at 3, the Court overrules that objection. For the reasons discussed above and in the [14] Report, Dear fails to show that 15 years' worth of equitable tolling is warranted.

But the [14] Report correctly concluded that the actual-innocence exception does not apply. [14] at 6–8. An actual-innocence claim requires "new reliable evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Yet "Dear has submitted no new evidence suggesting his actual innocence." [14] at 7; *see also id.* at 7–8. The Court thus overrules Dear's third objection.

D.  Fourth Objection

Finally, Dear argues that he should receive counsel and an evidentiary hearing. [15] at 5. But "Dear has not shown that the interests of justice require appointment of counsel here." [14] at 8 (citing 18 U.S.C. § 3006A(a)(2)(B)). And because Dear's [1] Petition is plainly time-barred, the Court need not hold an evidentiary hearing. [14] at 8. The Court therefore overrules Dear's fourth objection.

E.  Remainder of Report

The rest of the [14] Report is not clearly erroneous, an abuse of discretion, or contrary to law. The Court thus adopts the [14] Report as the opinion of this Court.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS Magistrate Judge Andrew S. Harris's [14] Report and Recommendation; GRANTS Cain and Fitch's [8] Motion to Dismiss; DISMISSES with prejudice Dear's [1] Petition for Writ of Habeas Corpus; and DENIES Dear's requests for counsel and a hearing. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 29th day of January, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE